**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER FLORES,**<br>**No. M36286,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**RICHARD HARRINGTON,**<br>**SGT. PELKER,**<br>**C/O HOLLAND,**<br>**C/O MEZO, and**<br>**JOHN DOES,**<br><br>**Defendants.** | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** | **Case No. 14-cv-00503-JPG** |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Christopher Flores, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on prison officials broadcasting that Plaintiff is a child molester, thereby causing Plaintiff to be harassed, threatened and physically attacked by other inmates. It is also alleged that an unidentified prison guard "saturated" Plaintiff with a chemical agent as Plaintiff lay injured.

Plaintiff asserts that his life is in imminent danger and he prays for injunctive relief as soon as possible, and any other relief deemed appropriate. The Court construes the complaint as including a motion for a temporary restraining order ("TRO").

The complaint was drafted with the assistance of another inmate and contains a request for counsel. The complaint explains that Plaintiff is incapable of pursuing any relief on his own; Plaintiff is taking psychotropic medication and he recently attempted suicide.

The Court will simultaneously consider Plaintiff's motion for a TRO and perform a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**<u>The Complaint</u>**

According to the complaint, Plaintiff, who is a convicted child molester, was sexually attacked while housed at Pinckneyville Correctional Center and subsequently transferred to Menard Correctional Center in March 2014.

All defendants, Warden Richard Harrington[1], Sgt. Pelker, C/O Holland, C/O Mezo and "John Does" allegedly publicized that Plaintiff is a child molester, thereby inviting inmates to assault Plaintiff.

More specifically, it is alleged that on April 22, 2014, C/O Holland and C/O Mezo told inmate Carney that Plaintiff is a child molester. That same day, Carney beat Plaintiff. As Plaintiff lay injured, "John Doe" defendants "saturated" Plaintiff with a chemical agent.

On April 30, Sgt. Pelker and C/O Mezo appeared at Plaintiff's cell and announced that they were moving him to a different cell. Plaintiff asked to speak to the Crisis Team. Plaintiff then attempted to hang himself with a bed sheet, right in front of Pelker and Menzo. Pelker and Mezo proceeded to move Plaintiff from 4 Gallery to 2 Gallery, announcing for all to hear that they were moving a child molester to Gallery 2. Inmates then began to shout death threats at Plaintiff.

Plaintiff was moved into a cell with inmate Widmer. Inmates admonished Widmer not to allow a child molester to be celled with him. Plaintiff declared a hunger strike in order to get moved from that cell.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: All Defendants publicized that Plaintiff is a child molester thereby placing Plaintiff in physical danger, in violation of the Eighth Amendment; and**

**Count 2: "John Doe" defendants saturated Plaintiff with chemical agents as he lay injured, in violation of the Eighth Amendment.**

---

[1] On or about April 16, 2014, Kim Butler replaced Richard Harrington as warden of Menard Correctional Center.

**Discussion**

Although only notice pleading is required under Federal Rule of Civil Procedure 8(a) and *Bell Atlantic Corp. v. Twombly*, an understanding of the relevant constitutional principles is helpful.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Also, allegations that a prison official placed an inmate's safety at risk by labeling him, for example, a snitch, which then resulted in physical injury, can state a colorable Eighth Amendment claim. *See Saunders v. Tourville,* 2004 WL 874781 at 1 (7th Cir. April 19, 2004) *citing Babcock v. White,* 102 F.3d 267, 272 (7th Cir. 1996). *See also Irving v. Dormire,* 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir.1992) (Eighth Amendment claim stated where guard labeled prisoner a snitch with the intention to do harm by inciting inmates). Consequently, Counts 1 and 2 state colorable constitutional claims. However, that does not end the Court's analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). *See also Herzog v. Village of Winnetka*, 309 F.3d 1041, 1044 (7th Cir. 2002) (causation is an element of a Section 1983 claim). Merely naming a

defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Beyond the general assertion that all defendants published that Plaintiff was a child molester, there is nothing in the complaint to suggest the personal involvement of Warden Harrington or "John Doe" defendants in labeling Plaintiff. Therefore, Harrington and the "John Doe" defendants will be dismissed without prejudice from Count 1. Warden Harrington shall be dismissed as a defendant because no claims remain against him.

Counts 1 and 2 shall otherwise proceed. Of course, the complaint will ultimately have to be amended to identify the "John Doe" defendants involved in Count 2.

Regarding the prayer for relief, the Court observes that only injunctive relief is specifically sought; Plaintiff otherwise generally requests all appropriate relief. The Court construes the complaint as seeking compensatory—monetary—damages against the defendants in their personal capacities, as the Eleventh Amendment bars claims for monetary damages from the state and its agents. Because the warden, in his official capacity, is responsible for ensuring the injunctive relief is carried out (even if there are no other claims of involvement in the events at issue), and Warden Harrington has left Menard, the current warden, Kim Butler will be added as a defendant, but only in her official capacity for purposes of injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Plaintiff must otherwise amend the complaint if, for example, he desires punitive damages.

Finally, insofar as the complaint describes Plaintiff requesting to speak to the Crisis Team and attempting to hang himself in front of Sgt. Pelker and C/O Mezo, only a spontaneous suicide attempt is described, not deliberate indifference. If an Eighth Amendment deliberate indifference claim was intended, it should be considered dismissed without prejudice.

**Temporary Restraining Order**

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmerv. Brennan*, 511 U.S. 825, 845 (1994).

The allegations in the complaint present a substantial risk of additional harm to Plaintiff. The Court, however, is unaware of Plaintiff's present situation, since he was moved from the cell he shared with inmate Widmer. Additional information is needed, so the Court will enlist a magistrate judge to further assess the need for a TRO and the scope of any such order.

As stated above, the new warden of Menard Correctional Center, Kim Butler, shall be added as a defendant to this action for the sole purpose of addressing the request for injunctive relief.

**Counsel**

Insofar as the complaint describes Plaintiff as unable to advocate for himself, the Court construes the complaint as presenting a motion for recruitment of counsel. That motion also shall be referred to the magistrate judge for consideration.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **RICHARD HARRINGTON** is **DISMISSED** without prejudice from Count 1 and from this action.

**IT IS FURTHER ORDERED** that the **"JOHN DOE"** defendants are **DISMISSED** without prejudice from Count 1.

**IT IS FURTHER ORDERED** that all official capacity claims against **SGT. PELKER**, **C/O HOLLAND**, **C/O MEZO** and the **"JOHN DOE"** defendants are **DISMISSED**, but they shall remains as defendants in their individual capacities.

**IT IS FURTHER ORDERED** that **KIM BUTLER**, the newly named warden of Menard Correctional Center, is **ADDED** as a defendant, but only in her official capacity for purposes of injunctive relief.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against **SGT. PELKER**, **C/O HOLLAND**, **C/O MEZO, and COUNT 2** shall proceed against the **"JOHN DOE"** defendants (ultimately contingent upon their identification).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for TRO (contained within the complaint) is hereby **REFERRED** to United States Magistrate Judge Philip M. Frazier, who shall resolve the request for injunctive relief as soon as practicable, and issue a report and recommendation. The period for filing any objections to the report and recommendation shall not exceed **14 days** from the date of the report. If the magistrate judge concludes that more immediate action is necessary, he shall contact the undersigned district judge and/or adjust the response period accordingly. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Magistrate Judge Philip M. Frazier.

**IT IS HEREBY ORDERED** that, because the TRO issue is pressing and for the convenience of the Court, the Clerk of Court shall prepare all necessary documents for personal

service upon **WARDEN KIM BUTLER** at Menard Correctional Center, and the United States Marshal for this judicial district shall effect personal service of summons and the complaint upon Butler as soon as practicable. Service shall be at government expense.

The Clerk of Court shall prepare for Defendants **SGT. PELKER**, **C/O HOLLAND**, **C/O MEZO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. The complaint will not be served upon the **"JOHN DOE"** defendants until such time as the complaint is amended to identify those defendants.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action, including the motion for recruitment of counsel contained in the complaint, is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that any application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time of any application under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney will have been deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 2, 2014**

s/J. Phil Gilbert
**United States District Judge**